IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ROSALIND CHAMBERS**, on behalf of herself and others similarly situated, | ) ) ) | Case No. 3:22-cv-468 |
| Plaintiff, | ) ) | Judge Jeffrey J. Helmick |
| vs. | ) ) ) | **STIPULATION FOR CONDITIONAL CERTIFICATION, NOTICE, DUE DILIGENCE EXCHANGE, AND MEDIATION** |
| **CONTINENTAL SECRET SERVICE BUREAU, INC.**, | ) ) ) | |
| Defendant. | | |

The Parties believe they can avoid substantial litigation costs by entering into certain stipulations, exchanging due diligence materials, and exploring the possibility of negotiating a global settlement. Therefore, subject to the Court's approval, the Parties hereby stipulate as set forth below and consent to the entry of this stipulation as an order of the Court. The stipulated matters consist of (1) conditional certification of the case as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), ("FLSA") on behalf of Named Plaintiffs and others similarly situated, as defined herein, (2) provisions regarding the distribution of notice to potential opt-ins, (3) informal exchange of documents and information between the Parties enabling them to conduct due diligence regarding the claims and issues, and (4) the exploration of settlement.

The following stipulations shall become effective between the Parties upon the entry or endorsement of this stipulation as an order of the Court or the entry of a separate order approving the stipulation and ordering the matters contemplated.

## CONDITIONAL CERTIFICATION

1.  Section 216(b) of the FLSA provides that "[a]n action to recover the liability prescribed [by the Act] may be maintained against any employer … by any one or more employees for and on behalf of himself [or herself] or themselves and other employees similarly situated." Section 216(b) specifies that "[n]o employee shall be a party plaintiff to any action unless he [or she] gives his [or her] consent in writing to become such a party and such consent is filed in the court in which such action is brought." Conditionally certifying a case as a collective action under § 216(b) permits notice to be given to potential opt-ins informing them of the collective action and permitting them to join the case pursuant to § 216(b). *Taylor v. Pilot Corp.*, 697 F. App'x 854, 860 (6th Cir. 2017) (citing *Genesis Healthcare Corp.*, 569 U.S. 66, 75 (2013)) (conditional certification "simply allows the sending of court-approved written notice to employees who must then affirmatively opt in to the litigation").

2.  The Parties stipulate that this case may be conditionally certified by the Court as a collective action under § 216(b) on behalf of Plaintiffs and others similarly situated, with the putative class defined as:

> **All present and former hourly security employees who worked at office building locations similar to One Seagate that required shift changes, and who worked over 40 hours in a given workweek at such location during the time period beginning three (3) years prior to the date of approval of this stipulation by the Court to the present (the "Putative Collective Action Members").**

3.  Defendant represents that the putative class consists of approximately 120 present and former hourly security employees.

## NOTICE AND MEDIATION

4.  The Parties will jointly file a proposed plan for notice which shall include (i) the form of the proposed notice, (ii) the compilation of a roster of present and former employees to whom the notice will be sent, and (iii) logistical details of the distribution. First, however, the Parties respectfully

ask the Court to postpone notice until 15 days after completion of mediation, so that the Parties can first participate in the proposed due diligence exchange and settlement discussions.

5. The Parties agree that, within 30 days of this filing, they will select a mediator and schedule a mediation date, not to occur later than 90 days following approval of this stipulation.

6. The Parties reserve the right to cancel the scheduled mediation no later than 14 days prior to the scheduled mediation if, upon review of documents produced in the due diligence exchange, one or both parties determine mediation would not be fruitful.

7. If the Parties are ultimately unable to settle this case, they will jointly ask the Court to approve a notice informing the Putative Collective Action Members of this case and enabling them to participate. The Parties will meet and confer on the Notice and Notice Protocol. If the Parties settle the case, they will jointly ask the Court to approve the settlement, including a notice informing the Putative Collective Action Members of this case and their right to participate in the settlement.

## DUE DILIGENCE EXCHANGE

8. For purposes of due diligence, within 21 days of the Court approving this stipulation, and no later than 21 days preceding mediation, Defendant will produce, for the three-year period preceding the date of approval of stipulation by the Court:

   a) An Excel spreadsheet containing dates of employment and rates of pay for the Putative Collective Action Members;

   b) Records of time worked, in Excel format, if available, for the Putative Collective Action Members;

   c) Records of check in and check out times, to the extent available, in Excel format, if available, for the Putative Collective Action Members; and,

   d) Pay Data, including all compensation paid, in Excel format, if available, for the Putative Collective Action Members.

9. The Parties agree to cooperate in good faith to facilitate the objectives of this stipulation.

## RESERVATION OF RIGHTS

10. Defendant reserves all rights, including but not limited to, the right to subsequently seek decertification of the conditionally certified FLSA collective action in its entirety, the right to seek, restrict, or limit the scope and breadth of membership in the conditionally certified FLSA collective action for any reason, and the right to assert that a two-year statute of limitations should apply to the FLSA collective action, rather than a three-year statute of limitations, pursuant to 29 U.S.C. § 255. Defendant also reserves all rights to contest and oppose any subsequent request by Representative Plaintiff and the Putative Class/Collective Action Members (collectively, "Plaintiffs") for the certification of a Federal Rule of Civil Procedure ("FRCP") Rule 23 class action, and the fact that Defendant has consented herein to the conditional certification for an FLSA collective action shall not be relied upon or cited by Plaintiff in any way in connection with any future motion seeking certification of a FRCP Rule 23 class action nor any response opposing decertification.

11. This stipulation shall have no precedential or estoppel effect in this lawsuit or any other proceeding. This stipulation is not an admission by either party as to the merits of Plaintiff's claims or Defendant's defenses, nor shall it be interpreted as limiting, waiving, or modifying any of the Parties' claims or defenses. This stipulation only reflects the Parties' shared interest in resolving this litigation in the most efficient and practical manner possible.

<div style="text-align: right;">Respectfully submitted,</div>

| | |
|---|---|
| **NILGES DRAHER LLC** | **SPENGLER NATHANSON P.L.L.** |
| */s/ Robi J. Baishnab* | */s/ Emilie K. Vassar* |
| Robi J. Baishnab (0086195) | Renisa A. Dorner (0040192) |
| 1360 E 9th St., Suite 808 | Emilie K. Vassar (0084076) |
| Cleveland, OH 44114 | 900 Adams Street |
| Telephone: (216) 230-2955 | Toledo, OH 43604 |
| Facsimile: (330) 754-1430 (Fax) | Telephone: (419) 241-2201 |
| Email: rbaishnab@ohlaborlaw.com | Telefax: (419) 241-8599 |
| | rdorner@snlaw.com |
| | evassar@snlaw.com |
| Shannon M. Draher (0074304) | |
| Hans A. Nilges (0076017) | *Counsel for Defendant* |
| 7266 Portage Street, N.W., Suite D | |
| Massillon, OH 44646 | |
| Telephone: (330) 470-4428 | |
| Facsimile: (330) 754-1430 | |
| Email: sdraher@ohlaborlaw.com | |
|        hans@ohlaborlaw.com | |

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 11, 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The Parties may access this filing through the Court's electronic filing system.

<div style="margin-left: 50%;">

*/s/ Robi J. Baishnab*
Robi J. Baishnab

*Counsel for Plaintiffs*

</div>