**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ROSALIND CHAMBERS**, on behalf of herself and others similarly situated, | ) ) ) | Case No. 3:22-cv-468 |
| Plaintiff, | ) ) | Judge Jeffrey J. Helmick |
| vs. | ) ) ) | |
| **CONTINENTAL SECRET SERVICE BUREAU, INC.**, | ) ) ) | |
| Defendant. | ) ) | |

**AMENDED JOINT MOTION FOR FINAL APPROVAL OF FLSA SETTLEMENT AND PRELIMINARY APPROVAL OF RULE 23 CLASS ACTION SETTLEMENT**

## I.   INTRODUCTION

Representative Plaintiff Rosalind Chambers ("Representative Plaintiff" or "Class Representative"), on behalf of herself, the current opt-in plaintiffs, and the members of the proposed settlement class (collectively, "Plaintiffs"), and Defendant Continental Secret Service Bureau, Inc. ("Defendant") respectfully move this Court to grant final approval of the proposed Fair Labor Standards Act ("FLSA") settlement and preliminary approval of the proposed settlement of the class-action claims under Fed. R. Civ. P 23(e) ("Settlement"), as set forth in the attached Amended Collective and Class Action Settlement Agreement ("Amended Agreement"), including approval of the form, content, and method of distribution of the proposed notice ("Class Notice") to the Class Members as outlined in the Amended Agreement.

In support of this Motion, Representative Plaintiff and Defendant (the "Parties") submit the following documents and proposed orders:

**Exhibit 1**:     Executed Amended Agreement, with Exhibits A-B;

**Exhibit 2**:    Declaration of Class Counsel Robi J. Baishnab ("Baishnab Dec."); and,

**Exhibit 3**:    Proposed Order Granting Final FLSA and Preliminary Rule 23 Settlement Approval.

The Parties further request that the Court grant final FLSA settlement approval as to the current Opt-in Plaintiffs, grant preliminary settlement approval as to the Class Members pursuant to Fed. R. Civ. P. 23 ("Preliminary Approval"), designate Representative Plaintiff as Class Representative, preliminarily approve the Class Representative's request for a service award, designate Plaintiffs' Counsel as Class Counsel, preliminarily approve Class Counsel's request for attorneys' fees and costs, and direct distribution of the Class Notice to the Class Members by entering the proposed Order attached as **Exhibit 3**. Following the Fairness Hearing, the Parties will request that the Court grant final approval ("Final Approval") of the Settlement by entering the proposed Final Order and Judgment Entry that will be attached to such motion for final approval.

The following schedule sets forth a proposed sequence for the Settlement:

- Within 21 days after Preliminary Approval: Defendant will provide to Analytics Consulting LLC (the "Third-Party Settlement Administrator") a list of the names and last known addresses of all Class Members (Amended Agreement at ¶ 31);

- Within 21 days after Preliminary Approval: Representative Plaintiff will provide to the Third-Party Settlement Administrator an Excel spreadsheet containing the names and last known addresses of all Opt-in Plaintiffs (*Id*. at ¶ 32);

- Within 28 days after Preliminary Approval: The Third-Party Settlement Administrator will mail the Class Notice to the Class Members (*Id*. at ¶ 33);

- 30 days after mailing of the Class Notice: Last day for Class Members to opt out of the Settlement by submitting a written request for exclusion from the Class or to submit written objections to the Settlement (*Id*. at ¶¶ 36, 38);

- Within 45 days after mailing of the Class Notice, or as otherwise ordered by the Court: The Parties will file with the Court a Joint Motion for Final Approval of the Class Action Settlement, which shall also include as an attachment a Declaration from the Third-Party Settlement Administrator verifying that the Class Notice was distributed and the manner in which it was distributed, and the Parties will submit a proposed Final Order and Judgment Entry (*Id*. at ¶ 22);

- At least 60 days after mailing of Class Notice and as scheduled by the Court: The Court will hold a Fairness Hearing relating to the Settlement;

- Within 14 days after Final Approval or resolution of appeal, if any: Defendant will deposit the Total Settlement Amount with the Third-Party Settlement Administrator (*Id*. at ¶ 40);

- Within 31 days after Final Approval or resolution of appeal, if any: The Third-Party Settlement Administrator will issue the service award to the Representative Plaintiff, and the attorneys' fees and reimbursement of litigation expenses to Class Counsel (*Id*. at ¶¶ 47-48); and,

- Within 38 days after the Court's order granting final approval of the settlement and dismissing the action with prejudice, or within 38 days of resolution of appeal, if any: The Third-Party Settlement Administrator will mail the Settlement payments ("Individual Payments") to Class Members (*Id*. at ¶ 41).

As explained below, the Amended Agreement was reached during arms-length negotiations between the Parties, which were conducted by experienced counsel with the assistance of a third party-neutral at mediation following investigation and exchange of payroll and timekeeping data, and were based on mutual recognition of the strengths and weaknesses of each other's positions and the risks to each side of continued litigation.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Actions

Representative Plaintiff filed her Original Complaint on March 23, 2022, and her Amended Complaint on April 1, 2022, alleging collective and class claims for unpaid overtime under the FLSA and Ohio Revised Code 4111.03(D). Specifically, Representative Plaintiff alleged that Defendant failed to pay her, and others similarly situated, for compensable pre- and post-shift work consisting of a number of duties, including "pass on" or "pass down," that were integral and indispensable to the jobs they were hired to perform as security guards/officers. Because of this alleged unpaid time, Representative Plaintiff alleged that Defendant violated the FLSA and Ohio law by not paying for all overtime earned in weeks in which she and others like her worked 40 or more hours. (ECF Nos. 1, 3).

Defendant's Answer was filed on May 19, 2022, in which it denied, and continues to deny, all material allegations asserted in the action, that it violated the FLSA, Ohio law, or any other law, or that it has any liability based on the claims asserted, and in which it asserted affirmative defenses to those claims. (ECF No. 9).

On July 11, 2022, the Court approved the Parties' Joint Stipulation for Conditional Certification, Notice, Due Diligence Exchange, and Mediation, conditionally certifying the collective defined as: "**All present and former hourly security employees who worked at office building locations similar to One Seagate that required shift changes, and who worked over**

**40 hours in a given workweek at such location during the time period [from July 11, 2019] to the present.**" (ECF No. 18, at PageID # 104, ¶2).

    **B.    Negotiation and Terms of the Settlement**

    On October 18, 2022, the Parties mediated before third-party neutral, Frank Ray, with a supplemental session held on October 24, 2022, which resulted in an agreement, the terms of which were set forth in the settlement agreement filed with this Court on November 23, 2022. On October 25, 2022, the Parties filed their Joint Notice of Settlement. (ECF No. 20). Following a status conference with the Court held on June 16, 2023, the Parties conferred and amended their agreement to reflect the terms set forth in the Amended Agreement, to resolve this Action in its entirety and dismiss the Action with prejudice. (Amended Agreement at ¶ 17).

    Class Counsel conducted a thorough investigation into the facts of the Litigation and diligently pursued an investigation of the Plaintiffs' claims against Defendant. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendant is fair, adequate, and reasonable, and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risks of significant delay and defenses asserted by Defendant. Likewise, Defendant's Counsel is of the opinion that the settlement is fair, adequate, and reasonable, and in the best interest of Defendant considering Plaintiffs' allegations, the uncertainty and costs of litigation, and the strain of litigation on business operations. (Amended Agreement at ¶ 19).

    If approved by the Court, the Settlement will cover the Representative Plaintiff, the seven (7) current Opt-in Plaintiffs,[1] and the proposed class (the "Class" or "Class Members"),

_____

[1] Jeremy Riffe, Latina Jett, Cameron Morgan, Donald Maggott, Emilio Hernandez, Kimberly Hudson, and Ahmad Reda. (ECF Nos. 4-5, 11-13, 15). On October 18, 2022, Opt-in Plaintiff Andrew Mominey voluntarily withdrew his Consent to Joint form, without prejudice. He is not part of the Settlement. (ECF No. 19).

consisting of the 126 present and former hourly security employees identified on Exhibit A of the Amended Agreement, all of whom worked at office building locations similar to One Seagate that required shift changes, worked over 40 hours in a given workweek at such locations from July 11, 2019 through October 18, 2022, have not yet joined this action, and have more than zero damages as calculated in Plaintiffs' Counsel's damages model used for mediation. All **134** individuals are respectively identified on Exhibit A of the Amended Agreement. (*Id*. at ¶¶ 1-3).

The Settlement will be structured pursuant to Section 216(b) of the FLSA as to Representative Plaintiff and the current Opt-In Plaintiffs and as a Rule 23 class action settlement as to the remaining absent putative Class Members. (*Id*. at pg. 1).

The terms of the attached Amended Agreement include: the Total Settlement Amount to be paid by Defendant; the Effective Date of the Settlement; the form, content, and method of distribution of the proposed notice to the Class Members; the calculation of Individual Payments to eligible recipients; the process for distributing Individual Payments to recipients; the proposed service award to the Representative Plaintiff in recognition of her service in this Action and for providing a general release; and the proposed distribution of reasonable attorneys' fees and costs to Class Counsel. The Total Settlement Amount of **$102,500.00** includes all alleged overtime damages, Individual Class Settlement Payments, Representative Plaintiff's Service Award, attorneys' fees and litigation costs, and any settlement administration costs in excess of $6,475. This amount does not include Defendant's share of applicable employer tax withholdings or the costs of settlement administration (up to $6,475.00), which Defendant agrees to pay outside of the fund and as directed by the Settlement Administrator. (Amended Agreement at ¶ 26).

The amount available for estimated Individual Class Settlement Payments are reflected in Exhibit A of the Amended Agreement, consisting of the Total Settlement Amount less the

Representative Plaintiff's Service Award and the Attorneys' Fees and Costs Payment. The estimated Individual Class Settlement Payments have been calculated proportionally based on each Class Member's alleged overtime damages, and final payments will be calculated by the Third-Party Settlement Administrator. The minimum Individual Class Settlement Payment shall be $25.00. (*Id*. at ¶ 27).

The Class Representative Service Award Payment in the amount of **$4,000.00** will be paid to Rosalind Chambers, in addition to her Individual Payment, for her services in this Action and in exchange for her additional general release. Defendant does not oppose this amount and agrees that it is reasonable. In consideration for Representative Plaintiff's waiver and release of all claims, Defendant further agrees to release Representative Plaintiff from the uniform debt which Defendant previously withdrew from collections pending the approval of the Settlement. Full release of Representative Plaintiff by Defendant of the uniform collections debt will become effective upon final approval of settlement by the Court. (*Id*. at ¶¶ 28, 53-56).

The Attorneys' Fees and Costs Payment shall consist of one-third (1/3) of the Total Settlement Amount, plus Class Counsel's actual costs. Defendant does not oppose these amounts and agrees that they are reasonable. (*Id*. at ¶ 29).

Upon the Effective Date, Representative Plaintiff, Opt-in Plaintiffs, and Class Members (other than those who submit valid and timely requests for exclusion) will release Released Claims against Released Parties through the Released Period of July 7, 2019, through October 18, 2022. (*Id*. at ¶¶ 6-8, 51-52).

## III.     THE COURT SHOULD APPROVE THE FLSA SETTLEMENT.

Settlement of claims made pursuant to Section 216(b) of the FLSA are subject to approval by the Court. As explained below, Court approval is warranted.

### A.    The Seven-Factor Standard is satisfied.

The court presiding over the settlement of an FLSA collective action may approve a proposed settlement if it "find[s] that the settlement is fair, reasonable, and adequate." *Barnes v. Winking Lizard, Inc.*, N.D. Ohio No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *5 (Mar. 26, 2019). Courts in the Sixth Circuit apply seven factors to evaluate collective action settlements:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). "While these factors are helpful in guiding the analysis, the 'fairness of each settlement turns in large part on the bona fides of the parties' legal dispute,' that is, whether there are real issues and risks in the case that would lead each party to opt toward settlement." *Barnes*, 2019 U.S. Dist. LEXIS 65657 at *5 (quoting *UAW*, 497 F.3d at 631). Application of these principles to this Settlement demonstrates that approval is warranted.

### 1.    No indicia of fraud or collusion exists.

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *White v. Premier Pallet & Recycling, Inc.*, N.D. Ohio No. 5:18-cv-1460, 2018 U.S. Dist. LEXIS 174414, at *4 (Oct. 10, 2018) (Internal citation omitted). Here, the Amended Agreement was reached only after arms-length and good faith negotiations between the Parties and facilitated by third-party neutral, Frank Ray, during a full day of mediation, plus a subsequent supplemental session; and after each Party had the opportunity to assess the merits of the Parties' claims and defenses and to evaluate produced damages calculations, along with the time and payroll data assess total potential exposure to Defendant and

possible costs if litigation continued. (Baishnab Dec. at ¶ 13). As such, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

> ### 2. The complexity, expense and likely duration of continued litigation favor approval.

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See, Wright v. Premier Courier, Inc.*, S.D. Ohio No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *8 (Aug. 17, 2018) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (Internal quotations omitted). Moreover, the Parties disagree over the merits of Plaintiffs' claims, including whether Defendants failed to pay Plaintiffs for all time worked, whether Plaintiffs are entitled to any overtime compensation due to any such alleged failure, and if so, how much, whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, whether the case could proceed collectively, and whether Plaintiffs would be entitled to liquidated damages if they were to prevail on the merits. (Baishnab Dec. at ¶ 14).

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling, which could result in no recovery for the class at all. Settlement, on the other hand, provides immediate and substantial relief to Plaintiffs promptly and efficiently and amplifies the benefits of that relief through the economies of collective and class resolution. Moreover, the Settlement represents a successful resolution of the claims given that a trier of fact might conclude that the Class is not entitled to any relief or to relief in an amount less than the amount agreed to in the Settlement, or that the Court might not allow the claims to proceed collectively. (*Id.*).

### 3. Investigation was sufficient to allow the Parties to act intelligently.

The Parties engaged in substantial investigation prior to mediation and negotiating the Settlement. Prior to filing the Action, Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific and accurate complaint for the Court and Defendant. After the case was filed, Counsel for both sides engaged in numerous discussions regarding the merits of each side's respective positions. Additionally, in preparing for filing a motion for conditional certification, before a stipulation was reached, Representative Plaintiff obtained declarations from four (4) Opt-in Plaintiffs. These were included with Representative Plaintiff's mediation submission, along with her own declaration and various documents, which were also shared with Defendant in advance of mediation. Thus, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides. (Baishnab Dec. at ¶ 15).

Additionally, Plaintiffs' Counsel engaged a third-party vendor to create a damages model from payroll and timekeeping data produced by Defendant. This model included a toggle, by which estimated unpaid minutes per day could be changed, thereby adjusting estimated alleged unpaid overtime. The model was shared with the mediator and Defendant's Counsel. Defendant's Counsel also created an independent damages model and liability calculation based on the same data set. (*Id.* at ¶ 16).

Plaintiffs' Counsel spent a significant amount of time doing an expected value calculation, using a decision tree software called TreeAge Pro©. In this calculation, Plaintiffs' Counsel analyzed each potential risk of loss (*i.e.*, collective/class certification, summary judgment, trial, good-faith, willfulness, jury award) and assigned a probability value to each potential risk. The decision tree software compounded each of these probability values and applied those values to the calculated estimated damages. This process and the results were reviewed with Representative

Plaintiff in advance of mediation. This exercise allowed Plaintiffs' Counsel to fully appreciate the entire risk picture and economic value of the case on a collective basis, rather than relying only on experience. Here, the total settlement amount exceeds the calculated expected value. (*Id.* at ¶ 17). Accordingly, not only were the factual and legal issues thoroughly investigated, but the potential damages in this case were investigated as well.

### 4. The risks of litigation favor approval.

Counsel for both sides believe in the merits of their clients' positions, while also recognizing that continued litigation will be uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raised defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Accordingly, if this case is not settled, it is possible that Plaintiffs would receive no compensation or, if they did, it may be lower and would not be received until after protracted litigation, likely also involving appeals. By settling the case at this relatively early stage of the litigation, the Parties and Plaintiffs, including the Class Members, bypass the inherent risks of litigation and achieve finality on this matter. (Baishnab Dec. at ¶ 18). This factor favors approval of the settlement.

### 5. Class Counsel and the Class Representative favor approval.

Class Counsel is highly experienced in wage-and-hour collective and class actions, has acted in good faith, and has represented his clients' best interests in reaching the Settlement. Class Counsel supports the Settlement as fair and reasonable, and in the best interest of the Class as a whole, as described in the Declaration of Robi J. Baishnab (Baishnab Dec. at ¶¶ 3-11, 17). "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright*, 2018 U.S. Dist. LEXIS 140019, at *11. Class Counsel has thoroughly discussed the Settlement with the Class Representative, who

likewise agrees the Settlement is fair, reasonable, and in the best interests of the Class she represents. (Baishnab Dec. at ¶ 17). Accordingly, this factor favors approval of the Settlement.

### 6. The Reaction of absent Class Members is unlikely to disfavor approval.

Class Counsel has no reason to believe that absent Class Members will have a negative reaction to the settlement of this case, considering the results in terms of payments and timing of resolution. For example, the average individual payment is estimated to exceed $449.00. (Baishnab Dec. at ¶ 17). However, if the Court preliminarily approves the settlement, Class Members will receive notice of the settlement and will have the opportunity to object if they believe that the settlement is not in their best interests. Accordingly, this factor does not necessarily weigh in favor of or against approval of the Amended Agreement at this time but can be revisited prior to final approval of the Settlement.

### 7. Public interest favors approval.

As the Sixth Circuit recently noted in another case involving the approval of an FLSA settlement, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 899 (6th Cir. 2019) (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)). Here, rather than face the risk and uncertainty of continued litigation, the Settlement confers immediate benefits on the Settlement Class, avoids the risks and expense of further litigation, and conserves judicial resources. Additionally, Court approval demonstrates that employees and employers can resolve differences amicably through the courts. Thus, the Court should find that this factor supports approval of the Settlement.

**B.      The Settlement distributions are fair, reasonable, and adequate.**

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court must "ensure that the distribution of the settlement proceeds is equitable." *Murton v. Measurecomp, LLC*, N.D. Ohio No. 1:07CV3127, 2009 U.S. Dist. LEXIS 144222, at *22 (Aug. 10, 2009). Here, all components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable, and adequate for Representative Plaintiff, the Opt-in Plaintiffs, and the Class Members.

**1.      The Individual Payments are fair, reasonable, and adequate.**

The settlement compensates Plaintiffs for alleged unpaid overtime wages on a proportional basis during the relevant period. As mentioned above, the Total Settlement Amount exceeds the calculated expected value, and the average individual payment is estimated to exceed $449.00. Also, the estimated net amount for individual settlement distribution reflects approximately 8.25 minutes of unpaid time per day per Plaintiff. Further, settlement includes a minimum payment of $25. (Amended Agreement at ¶ 25; Baishnab Dec. at ¶ 17). As such, settlement payments are fair, reasonable, and adequate.

**2.      The requested Service Award is proper and reasonable.**

The Amended Agreement provides for a service award of $4,000.00 to Representative Plaintiff, in addition to her Individual Payment as consideration for her services as the named plaintiff and in exchange for a general release. (Amended Agreement at ¶¶ 28, 53-56). Courts routinely approve service awards to named plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *See Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class

action litigation." *Dillworth v. Case Farms Processing, Inc.*, N.D. Ohio No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *17 (Mar. 8, 2010).

Here, Representative Plaintiff had the courage to put her name on the line on behalf of the Opt-in Plaintiffs and Class. She contributed significant time, effort, and detailed factual information enabling Plaintiffs' Counsel to evaluate the strength of this case and reach a settlement of this matter that fairly and adequately compensates the class for alleged unpaid overtime. She participated in the full day of mediation. (Baishnab Dec. at ¶ 19). Additionally, Representative Plaintiff provided a general release to Defendant. (Amended Agreement at ¶¶ 53-56). As such, the time and effort invested by Representative Plaintiff, along with the general release, support approval of the requested Service Award. Further, Defendant does not oppose these requests and agree they are reasonable. (*Id.* at ¶ 28).

### 3. The Attorney Fees to Plaintiffs' Counsel are proper and reasonable.

After the Court has confirmed that the terms of settlement are fair to the Plaintiffs, it may review the Parties' agreement as to the provision of fees and costs to Plaintiffs' Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

Here, Representative Plaintiff is requesting that the Court approve as reasonable attorneys' fees of $34,166.67, representing one-third of the Total Settlement Amount. Defendant does not oppose this request and agrees it is reasonable. (Amended Agreement at ¶ 29).

"The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable attorney's fee from a common fund settlement." *Satterly v. Airstream, Inc.*, S.D. Ohio No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *28 (Sep. 25, 2020) (citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993)). Indeed, the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share…." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 789 (N.D. Ohio 2010). "In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Carr v. Bob Evans Farms*, N.D. Ohio No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *10-11 (July 27, 2018); *see also, Osman v. Grube, Inc.*, N.D. Ohio No. 3:16-cv-00802, 2018 U.S. Dist. LEXIS 78222, at *6 (May 4, 2018) ("One-third of the common fund is a reasonable attorneys' fee award and has been approved in similar FLSA collective actions in this judicial district.") (Internal citation omitted).

This conclusion was recently reiterated in *Harsh v. Kalida Mfg.*, N.D. Ohio No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at *20 (Sep. 13, 2021). In *Harsh*, the Court held that while a Court can utilize either the percentage-of-the-fund or the Lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at *19-20. The Court further noted that the Lodestar method was more appropriate in wage and hour cases that "involve relatively small claims and therefore small amounts of damages in

question," because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* at *20. In contrast, in cases involving a common settlement fund the Court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

Further, Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation costs. They not only invested time, but also paid significant expenses up front, including the filing fee, processing of produced data and creation of damages model, calculating an expected value and reviewing the same with Representative Plaintiff, and mediation fees and expenses. They will not be paid for any time during effectuation of the settlement. (Baishnab Dec. at ¶ 20). "In doing so, Class Counsel assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, S.D. Ohio No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *19 (Dec. 3, 2019); *see also, Barnes*, 2019 U.S. Dist. LEXIS 65657, at *15 ("Class Counsel provided representation on a purely contingency fee basis, advancing all litigation costs and receiving no payment unless [and] until there was a recovery, and should be compensated for that risk").

Courts in this district acknowledge that "[w]age-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *16. Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Plaintiffs' Counsel for their prosecution of this case, and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo Servs., LLC,*

S.D. Ohio No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

### 4. The Court should authorize reimbursement to Plaintiffs' Counsel of their out-of-pocket expenses incurred in this case.

Plaintiffs' Counsel should also be reimbursed their out-of-pocket expenses and costs, which are **$4,082.60** and consist of filing fee, service, postage, and the vendor's damages model. Costs and expenses were reasonably incurred to advance the litigation and achieve a favorable settlement for Plaintiffs. Defendant does not oppose this request and agree it is reasonable. (Baishnab Dec. at ¶ 20; Amended Agreement at ¶ 29).

"Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *20 (S.D. Ohio Nov. 25, 2019). In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.; see also, Harsh*, 2021 U.S. Dist. LEXIS 175869 at *23.

Accordingly, the Court should preliminarily approve reimbursement of Plaintiffs' Counsel's litigation costs, as well as approve Defendant's payment of settlement administration costs, as provided in the Amended Agreement. (Amended Agreement at ¶¶ 29-30).

## IV. THE COURT SHOULD PRELIMINARILY APPROVE THE CLASS ACTION SETTLEMENT.

The proposed Class Settlement of Ohio state law claims is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e). As shown below, the Court's preliminary approval is warranted.

**A.      Preliminary approval of the settlement under Rule 23(b) is warranted.**

**1.      Certification of the settlement Class is appropriate.**

A proposed settlement class must satisfy the requirements of Rule 23. *UAW*, 497 F.3d at 626 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)). The proposed Class satisfies those requirements.

The proposed class meets Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation. *See Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir.), *cert. denied*, 429 U.S. 870 (1976); *UAW,* 497 F.3d at 626. The Class of **126** individuals who have not yet joined this lawsuit is "so numerous that joinder of all members is impracticable." There is a common issue of law and fact presented by the Class Members' claim under Ohio law, whether Defendant failed to pay the Class Members for all hours worked in excess of 40 per workweek. Representative Plaintiff is an adequate representative of the Class, in that she has common interests with other Class Members and she has vigorously prosecuted the interests of the class through qualified counsel.

The Class also satisfies Rule 23(b)(3)'s requirements of predominance and superiority. *See Senter*, 532 F.2d at 522; *UAW,* 497 F.3d at 626. The alleged unpaid overtime issues presented predominate over any individual questions. Class-wide resolution of this controversy is superior to the alternative of litigating dozens of individual lawsuits. *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 159 (1982) (class certification advances "the efficiency and economy of litigation which is a principal purpose of the procedure") (Internal quotation omitted); *Day v. NLO*, 851 F. Supp. 869, 883 (S.D. Ohio 1994) (of equal importance "are considerations of the avoidance of the inequality resulting from piecemeal litigation as well as a concern to provide access to the courts for litigants with limited resources and common claims").

### 2. The Class Notices satisfy Rule 23 and Due Process.

Rule 23(e) requires the Court to "direct notice in a reasonable manner to all class members who would be bound" by the settlement. *Bailey v. White*, 320 F.App'x 364, 367 (6th Cir. 2009) (quoting Fed. R. Civ. P. 23(e)(1)). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *UAW,* 497 F.3d at 626 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

Reasonable notice to class members is required by due process as well. *Fidel v. Farley*, 534 F.3d 508, 513-14 (6th Cir. 2008) (citing *DeJulius v. New England Health Care Employees Pension Fund,* 429 F.3d 935, 943-44 (10th Cir.2005) (citing *Mullane,* 339 U.S. at 313; *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173 (1974)). Due process "does not, however, require *actual* notice to each party intended to be bound by the adjudication of a representative action." *Fidel*, 534 F.3d at 514 (emphasis in the original) (citing *DeJulius,* 429 F.3d at 944 (citing *Mullane,* 339 U.S. at 313-14); *In re Integra Realty Res., Inc.,* 262 F.3d 1089, 1110-11 (10th Cir. 2001); *Silber v. Mabon,* 18 F.3d 1449, 1453-54 (9th Cir.1994))). The issue is not whether all class members received notice, "but whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement." *Fidel,* 534 F.3d at 514 (quoting *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir.1993)).

The "individual notice" requirement of Rule 23 and due process is fulfilled by sending written notice to class members by first-class mail at the addresses shown in the defendant's business records. *Vassalle v. Midland Funding, LLC*, N.D. Ohio No. 3:11-cv-00096, 2014 U.S. Dist. LEXIS 146543, at *29 (Oct. 14, 2014) (citing *Eisen*, 417 U.S. at 175). In the present case, the proposed notice to the Class Members satisfies these requirements. Under the terms of the

Amended Agreement and the proposed Preliminary Order, the notice will be sent to the Class Members by first-class mail using the addresses shown in Defendant's records. The notice also gives Class Members detailed information on how to object to the settlement. (Amended Agreement at ¶¶ 36-38). Accordingly, the Class Notice satisfies Rule 23 and due process requirements.

### B.       Approval of the Settlement under Rule 23(e) is warranted.

Under Rule 23(e), a class settlement must be "fair, reasonable, and adequate" under the same seven-factor standard used to evaluated FLSA collective action settlements:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW,* 497 F.3d at 631 (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)). The Sixth Circuit has recognized that "the law generally favors and encourages the settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). Therefore, when considering the below factors, the courts apply a "strong presumption" in favor of finding a settlement to be fair. *Robinson v. Ford Motor Co.*, S.D. Ohio Nos. 1:04-CV-00844, 1:04-CV-00845, 2005 U.S. Dist. LEXIS 11673, at *10 (June 15, 2005). .

As discussed in detail in Section III.A, *supra*, the seven-factor standard supports approval of the Settlement. On the basis of these factors, as well as all of the other factors discussed above, the Court should conclude that the Settlement is fair, reasonable, and adequate, and grant preliminary, and later final, approval under Rule 23(e).

## V.      CONCLUSION

For the foregoing reasons, Representative Plaintiff and Defendant respectfully request that the Court grant final approval of the FLSA settlement and preliminary approval of the Rule 23 Settlement, designate Representative Plaintiff as Class Representative, preliminarily approve the Class Representative's request for a service award, designate Plaintiffs' Counsel as Class Counsel, preliminarily approve Class Counsel's request for attorneys' fees and costs, and direct distribution of the Class Notice to the Class Members by entering the proposed Preliminary Order attached as **Exhibit 3**.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab (with permission)*
Robi J. Baishnab (0086195)
1360 E 9th St., Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430 (Fax)
Email: rbaishnab@ohlaborlaw.com

Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
        hans@ohlaborlaw.com

*Counsel for Plaintiffs*

**SPENGLER NATHANSON P.L.L.**

*/s/ Emilie K. Vassar*
Renisa A. Dorner (0040192)
Emilie K. Vassar (0084076)
900 Adams Street
Toledo, OH 43604
Telephone: (419) 241-2201
Telefax: (419) 241-8599
rdorner@snlaw.com
evassar@snlaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Emilie K. Vassar* _____
Counsel for Defendant