UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rosalind Chambers, *individually and on*
*behalf others similarly situated,*                                    Case No. 3:22-cv-468

Plaintiffs,

v.                                                                                  ORDER

Continental Secret Service Bureau, Inc.,

Defendant.


Plaintiff Rosalind Chambers and Defendant Continental Secret Service Bureau, Inc.,

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and Rule 23(e) of the Federal Rules of

Civil Procedure, have jointly moved for an order: (a) approving the FLSA settlement for Plaintiff

and the seven current Opt-in Plaintiffs, as described in the Collective and Class Action Settlement

Agreement found at Exhibit 1 ("Settlement Agreement"); (b) preliminarily approving the Rule 23

Class settlement, as described in the Settlement Agreement; (c) conditionally certifying a settlement

class under Fed. R. Civ. P. 23 for purposes of proceeding in connection with the final approval of

the settlement agreement; (d) approving the form of the class notice and directing the manner of

delivery; (e) designating Plaintiff Chambers as class representative; (f) preliminarily approving

Plaintiff Chambers' request for service award; (g) designating Plaintiff's counsel as class counsel; (h)

preliminarily approving class counsel's request for attorney's fees and costs; and (i) scheduling a

hearing to consider the fairness of the Rule 23 Class settlement.  (Doc. Nos. 23 & 23-1).

After reviewing the Settlement Agreement, the parties' joint motion for approval, the declaration of Plaintiff's counsel, and the other related filings, I grant the motion and order as follows:

1.      All initial-capped terms contained herein, unless otherwise defined, shall have the same definitions as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the parties' amended joint motion.  (*See* Doc. No. 23-1).  The Settlement Agreement sets forth the terms and conditions for the proposed settlement.  The Settlement Agreement is subject to approval by the Court pursuant to the FLSA and Rule 23(e).

2.      On March 23, 2022, Plaintiff filed this action alleging Defendant violated the FLSA and the Ohio overtime statute by failing to pay Plaintiff and other similarly situated employees all their overtime pay.

3.      The parties exchanged and analyzed initial factual disclosures and timekeeping and payroll records, and Class Counsel engaged an expert to review those same records and formulate a damages model, which was shared with Defendant's Counsel.  Defendant's Counsel also created an independent damages model and liability calculation.  These models, along with other research and investigation, enabled the parties to understand and assess the detail and substance of their respective claims and defenses.

4.      The parties engaged in private mediation on October 18, 2022, and October 24, 2022, after which the parties reached an agreement to settle this matter.

5.      This Court finds the Settlement Agreement is the result of good faith, arms-length negotiations conducted after counsel for both sides were able to reasonably evaluate their respective positions.  Additionally, the assistance of an experienced mediator in the settlement process supports the Court's conclusion that the settlement is non-collusive.  The Court finds on a preliminary basis that the Settlement is within the range of reasonableness, is commensurate with the

claims made, and could ultimately be given final approval by this Court. I find there is sufficient basis to conclude preliminarily that the proposed settlement is fair, reasonable, and adequate.

6.      The Settlement Agreement is approved as to Plaintiff Chambers and the Opt-In Plaintiffs' FLSA claims as provided in the Settlement Agreement and preliminarily approved as to the Rule 23 Class claims as provided in the Settlement Agreement. In making this finding, I considered the nature of the claims, the relative strength of the parties' positions, the investigation, discovery exchanged, and analysis performed by both sides to prepare for mediation, and the allocation of the settlement proceeds.

7.      For settlement purposes only and for no other purpose and with no other effect on this litigation, this Court certifies that the Settlement Class meet the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3). The Class is defined as: "All present and former hourly security employees who worked at office building locations similar to One Seagate that required shift changes, and worked over 40 hours in a given workweek at such location during the time period from July 11, 2019 through October 18, 2022." The definition of the Class encompasses persons with like factual circumstances and like claims to that of Plaintiff Chambers.

8.      This Court appoints Plaintiff Rosalind Chambers as class representative to represent the Settlement Class for settlement purposes only.

9.      This Court appoints Robi Baishnab, Shannon Draher, and Hans Nilges of the law firm Nilges Draher as class counsel for the Settlement Class for settlement purposes only.

10.     This Court appoints Analytics Consulting LLC as settlement administrator and preliminarily approves the allocated costs for administration of the settlement as described in the Settlement Agreement.

11.     This Court preliminarily approves the service award for Rosalind Chambers in recognition of her services in this litigation.

3

12. This Court provisionally approves the payment of attorneys' fees and expenses to class counsel as provided in the Settlement Agreement.

13. This Court approves the form, substance, and manner of distribution of the notice of class action, and orders that it be distributed to the Settlement Class in the manner described in the Settlement Agreement. The Settlement Class shall be notified of the pendency of this matter, the proposed settlement, and the date of the hearing at which final approval of the proposed settlement may be considered.

14. This Court approves the following procedure and timeline:

    a. Within 21 days of entry of this Order, Defendant shall provide the Third-Party Settlement Administrator with the names and last known addresses of the Settlement Class;

    b. Within 21 days of entry of this Order, Plaintiff Chambers shall provide the Third-Party Settlement Administrator with the names and last known addresses of the Opt-In Plaintiffs;

    c. Within 7 days of receipt of the information at subsections (a) and (b), the Third-Party Settlement Administrator shall distribute the notice of class action via First Class U.S. Mail;

    d. The notice will inform the Class of their right to request exclusion from the Settlement or to submit written objections to the Settlement, and the procedure for doing so in either instance;

    e. Plaintiffs shall have 30 days after mailing of the notice to submit a request for exclusion or objections to the Settlement;

    f. Class counsel shall file a Joint Motion for Final Approval of the Settlement, along with a proposed Final Order and Judgment Entry, no later than 10 days

prior to the Final Approval Hearing, accompanied by a Declaration from
Analytics Consulting LLC verifying that the notice was properly and timely
distributed to the Class;

g.  Class counsel shall file a Motion for Approval of Attorney's Fees and Litigation
Expenses no later than 7 days prior to the Final Approval Hearing, or class
counsel may include the justification and any necessary documentation in
support of the fees award with the motion for final approval of settlement;

h.  The Court will hold a Final Approval Hearing on November 16, 2023, at 9:00
a.m., at 1716 Spielbusch Avenue, Toledo, Ohio, 43604.  The Court reserves the
right to adjust the date of the Final Approval Hearing and related deadlines
without further notice to the Settlement Class.

15.     All proceedings and all litigation of the matter, other than those pertaining to the
administration of the Settlement, are stayed pending the Final Approval Hearing.

16.     The preliminary approval of the Settlement and the certification of the Settlement
Class are conditional and shall be vacated if the Settlement Agreement is terminated or disapproved
in whole or in part by the Court, or any appellate court, or any other court of review.  In which
event the Settlement Agreement shall not be offered, received, or construed as an admission or as
evidence for any purpose.

17.     In the event the Settlement is not finally approved, or otherwise does not become
effective in accordance with the terms of the Settlement Agreement, this Order shall be null and
void, and shall be vacated with the parties to revert back to their respective positions before entering
into the Settlement Agreement.  The Court's findings are for purposes of certifying a settlement
class and to settle the matter.  Thus, they shall not have any claim or issue preclusion or estoppel

effect in any other action against Defendants, or in this action, if the Settlement is not finally approved.

Accordingly, I grant the Amended Joint Motion for Final Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Action Settlement.  (Doc. No. 23).  Additionally, the parties' previous Joint Motion for Final Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Action Settlement is denied as moot.  (Doc. No. 21).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge