IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ROSALIND CHAMBERS**, on behalf of herself and others similarly situated, | ) ) ) Case No. 3:22-cv-468 |
| Plaintiff, | ) ) Judge Jeffrey J. Helmick ) |
| vs. | ) **JOINT MOTION FOR FINAL APPROVAL** ) **OF CLASS ACTION SETTLEMENT** |
| **CONTINENTAL SECRET SERVICE BUREAU, INC.**, | ) ) ) |
| Defendant. | ) ) |

I. **INTRODUCTION**

Representative Plaintiff Rosalind Chambers ("Representative Plaintiff"), on behalf of herself and the members of the proposed settlement class ("Class Members"), and Continental Secret Service Bureau, Inc. ("Defendant"), respectfully move this Court to grant final approval of the Class Action Settlement Agreement ("Agreement") between Representative Plaintiff and Defendant pursuant to Fed. R. Civ. P. 23(e).

Notice of the proposed settlement in this case has been sent to the class and this settlement is ripe for final approval. Therefore, the Parties respectfully request that after the Fairness Hearing scheduled for November 16, 2023, the Court enter an Order:

1. Granting final approval of the Parties' Settlement Agreement and Release;

2. Granting final approval of a payment to Class Counsel of **$34,166.67** in attorney's fees (representing one-third of the Total Settlement Amount) and **$4,082.60** in litigation expenses, plus and any settlement administration costs in excess of **$6,475.00**;

3. Granting final approval of a Service Award to Representative Plaintiff in the amount of **$4,000.00**; and

4. Dismissing this case with prejudice.

1

A proposed Order and Judgment Entry is attached as **Exhibit 1**. The reasons for this Motion are as follows:

## II.   RELEVANT PROCEDURAL HISTORY

Representative Plaintiff filed her Original Complaint on March 23, 2022, and her Amended Complaint on April 1, 2022, alleging collective and class claims for unpaid overtime under the FLSA and Ohio Revised Code §4111.03(D). Specifically, Representative Plaintiff alleged that Defendant failed to pay her, and others similarly situated, for compensable pre- and post-shift work consisting of a number of duties, including "pass on" or "pass down," that were integral and indispensable to the jobs they were hired to perform as security guards/officers. Because of this alleged unpaid time, Representative Plaintiff alleged that Defendant violated the FLSA and Ohio law by not paying for all overtime earned in weeks in which she and others like her worked 40 or more hours. (Docs. 1, 3).

Defendant denied, and continues to deny, Plaintiff's material allegations, and denied that it violated the law.

The parties reached an agreement to settle this case at mediation on October 18, 2022, and on July 24, 2023, the Court granted preliminary approval of the Class Action Settlement pursuant to Fed. R. Civ. P. 23(e), set a fairness hearing for November 16, 2023, approved the Notice of Settlement to class members, and directed the Parties to send the Notice to all Class Members informing them of the pendency of this action, the proposed Settlement, and the date of the Fairness Hearing. (Docs. 24).

The Parties engaged Analytics Consulting LLC as the Settlement Administrator. (*See* declaration of Jeffrey J. Mitchell (hereinafter "Mitchell Dec.") attached as **Exhibit 2**, at ¶ 5). The Settlement Administrator received a list containing the names and last-known mailing addresses

for the Class Members. (*Id.* at ¶ 6). Analytics imported the Class Data to a project-specific database and processed the records through the US Postal Service's National Change of Address (NCOA) database to standardize and update the mailing addresses. (*Id.* at ¶ 7). On August 21, 2023, Analytics mailed by first-class mail the Court-approved "Notice of Proposed Settlement of Class Action and Fairness Hearing" to the **134** Class Members. (*Id.* at ¶ 8). To date, 17 Notices were returned to Analytics by the U.S. Postal Service without a forwarding address. The Settlement Administrator conducted an address trace in an attempt to ascertain a valid address for the affected Class Members. As a result of these efforts, 7 new addresses were identified for Class Members. The Settlement Administrator subsequently updated the addresses and processed a re-mail of the Notice to each of the affected Class Members. (*Id.* at ¶ 9).

The Notice gave Class Members until September 20, 2023, to object to or opt out of the settlement. No Class Member has filed any objection to the settlement and no Class Members opted out of the settlement. (*Id.* at ¶¶ 10-11). Having completed the notice process, the Parties now move this Court for final approval of the Settlement of Ohio law Class Action claims pursuant to Fed. R. Civ. P. 23(e).

**III.    LAW AND ANALYSIS**

    **A.    The standard for final approval of a class action has been met.**

A class action settlement may be approved if a Court finds it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). When determining whether a class action settlement is fair, reasonable, and adequate, Courts consider: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v.*

*General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992).

In the Parties' Amended Joint Motion for Preliminary Approval, filed on June 30, 2023, the Parties analyzed the Settlement in this case under each of the relevant factors. (*See* Doc. 23 at PageID #: 184-191).[1] The arguments set forth in the Motion for Preliminary Approval also apply here and demonstrate why the Settlement should be granted final approved.

In addition, the results of the notice process weigh strongly in favor of approval. No class members objected to, or opted out of, the Settlement. This factor weighs strongly in favor of approval.

In sum, the Settlement confers substantial benefits on Class Members, eliminates any risk of loss should this case continue to be litigated, was negotiated on an arm's length basis, and is in the best interest of the Class. Accordingly, for the reasons addressed herein and in the Motion for Preliminary Approval, the Parties respectfully request that the Court grant final approval of this Settlement and enter the proposed Final Order and Judgment Entry attached as **Exhibit 1**.

**B.     The Court should approve the payment of Attorneys' Fees and Costs to Class Counsel.**

For the reasons set forth in the Joint Motion for Preliminary Approval, the Court should also grant final approval of the award of attorneys' fees to Class Counsel in the amount of **$34,166.67**, representing one-third of the settlement fund. As noted in the Joint Motion for Preliminary Approval, "[i]n FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Carr v. Bob Evans Farms*, No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *11 (N.D. Ohio July 27, 2018); *see also, Osman*

---

[1] The Parties' original Joint Motion for preliminary approval was filed on November 23, 2022. (*See* Docs. 21, 22).

4

*v. Grube, Inc.*, No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *6 (N.D. Ohio May 4, 2018) ("One-third of the common fund is a reasonable attorneys' fee award and has been approved in similar FLSA collective actions in this judicial district.").

Additionally, as of this filing, Class Counsel has incurred over $36,125.00 in fees, for 11.10 hours, which exceeds the fees requested in Settlement. (*Attached* Declaration of Robi J. Baishnab at ¶ 5). Accordingly, Class Counsel respectfully requests that the Court find that attorneys' fees in the amount of one-third of the settlement fund is reasonable in this case.

Class Counsel also requests that the Court approve reimbursement of **$4,082.60** in litigation expenses, as these were incurred in the prosecution of claims and in obtaining settlement. *See, e.g., Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *32 (S.D. Ohio Sep. 25, 2020) ("Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement").

**C.     The Court should approve the Service Award for Representative Plaintiff.**

Finally, the Parties request that the Court approve a payment of **$4,000.00** to Representative Plaintiff. Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *17 (N.D. Ohio Mar. 8, 2010). Representative Plaintiff contributed significant time, effort, and detailed factual information enabling Class Counsel to evaluate the strength of this case, and reach a settlement of this matter that, in Counsel's opinion, fairly, reasonably, and adequately compensates the class for alleged unpaid wages. As such, the time and efforts Plaintiff provided supports the requested service payments.

## IV. CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court enter the Proposed Order, attached as **Exhibit 1**:

1. Granting final approval of the Parties' Settlement Agreement and Release;

2. Granting final approval of a payment to Class Counsel of **$34,166.67** in attorney's fees (representing one-third of the Total Settlement Amount) and **$4,082.60** in litigation expenses;

3. Granting final approval of a Service Award to Representative Plaintiff in the amount of **$4,000.00**; and,

4. Dismissing this case with prejudice.

Respectfully Submitted,

| **NILGES DRAHER LLC** | **SPENGLER NATHANSON P.L.L.** |
|---|---|
| */s/ Robi J. Baishnab* | */s/Emilie K. Vassar (with permission)* |
| Robi J. Baishnab (0086195) | Renisa A. Dorner (0040192) |
| 1360 E 9th St., Suite 808 | Emilie K. Vassar (0084076) |
| Cleveland, OH 44114 | 900 Adams Street |
| Telephone: (216) 230-2955 | Toledo, OH 43604 |
| Facsimile: (330) 754-1430 (Fax) | Telephone: (419) 241-2201 |
| Email: rbaishnab@ohlaborlaw.com | Telefax: (419) 241-8599 |
| | rdorner@snlaw.com |
| Shannon M. Draher (0074304) | evassar@snlaw.com |
| Hans A. Nilges (0076017) | |
| 7266 Portage Street, N.W., Suite D | *Counsel for Defendant* |
| Massillon, OH 44646 | |
| Telephone: (330) 470-4428 | |
| Facsimile: (330) 754-1430 | |
| Email: sdraher@ohlaborlaw.com | |
|       hans@ohlaborlaw.com | |

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 6, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      */s/ Robi J. Baishnab*
                                      *Counsel for Plaintiffs*