UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rosalind Chambers, et. al.,                                    Case No. 3:22-cv-468

        Plaintiffs

  v.                                                                           ORDER

Continental Secret Service Bureau, Inc.,

        Defendant

On July 24, 2023, I issued an Order preliminarily approving the parties' Fair Labor Standards Act ("FLSA") Rule 23 Class Action Settlement and setting a Final Approval Hearing for November 16, 2023, at 9:00am.  (Doc. No. 24).  On November 6, 2023, the parties filed a Joint Motion for Final Approval of Class Action Settlement in advance of the hearing.  (Doc. No. 25).  I have reviewed their motion and identified several issues that require additional briefing by the parties.

A class action settlement must be "fair, reasonable, and adequate" in order to merit approval. Fed. R. Civ. P. 23(e).  In the Sixth Circuit, courts make this assessment by evaluating seven factors:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Int'l Union, UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

"The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits."  *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 245 (6th Cir. 2011).  This is because the district court "cannot judge the fairness of a proposed

compromise without weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement." *UAW*, 497 F.3d at 631.

Making this determination requires the district court to conduct "a careful analysis" that acknowledges "what the unnamed class members would give up in [the] settlement," discusses "what the named class members and class counsel would receive," and includes "a reasoned explanation as to whether—in light of the merits of this case specifically—the settlement is fair." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 310 (6th Cir. 2016).  The district court "cannot substitute the parties' assurances or conclusory statements for its independent analysis of the settlement terms." *Id.* at 309 (internal citation and quotation marks removed).  Nor can it "merely recite the respective arguments of the objectors and parties, and then offer up platitudes about the risks of litigation generally."  *Id.*

While I commend the parties for the time and effort they have expended to reach this settlement, I find their motion for final approval to be deficient because it does not meaningfully address many of the factors I must evaluate.  Most notably, they fail to analyze the "most important" factor of the likelihood of success on the merits.  *Poplar Creek Dev. Co.*, 636 F.3d at 245.  As such, I order the parties to provide a supplemental joint statement by Friday, December 1, 2023.

In the interim, the Final Approval Hearing will still be held on November 16, 2023, at 9:00 a.m.  But it will be held via telephone rather than in person.  To join the hearing, counsel and any other participants shall call the court's bridge line at 877-411-9748, access code 1231873.

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge