IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ROSALIND CHAMBERS**, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| **CONTINENTAL SECRET SERVICE BUREAU, INC.**, | ) ) ) |
| Defendant. | ) |

Case No. 3:22-cv-468

Judge Jeffrey J. Helmick

### SECOND JOINT SUPPLEMENTAL STATEMENT
### IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to the Court's November 14, 2023 Order (Doc. 26), the Parties respectfully submit this Second Joint Supplemental Statement in Support of Final Approval of Class Action Settlement, along with the attached supporting declarations. As directed by the Court at the November 16, 2023 Final Approval Hearing, the Parties expand upon the discussion of the likelihood of success on the merits included in the Parties' first Joint Supplemental Statement in Support of Final Approval.

One of the factors courts consider when determining whether a class action settlement is fair, reasonable, and adequate is the likelihood of success on the merits. *Int'l Union, UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). Specifically, courts must "examine what the unnamed class members would give up in the proposed settlement, and then explain why – given their likelihood of success on the merits – the tradeoff embodied in the settlement is fair to unnamed members of the class." *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 309 (6th Cir. 2016).

Settlement resolves a bona fide dispute as to the facts and merits of this case, including: whether a three- or two-year statute of limitations should apply; whether Defendant failed to pay the Class for all time worked; whether any Class Members are entitled to any overtime compensation due to any such alleged failure, and if so, how much; whether the case could proceed as a class; and whether the Class would be entitled to liquidated damages if they were to prevail on the merits. (Doc 27-1 at ¶ 4). Representative Plaintiff alleges Defendant Continental Secret Service Bureau, Inc. ("CSSB") failed to pay her and other similarly situated employees for compensable time spent in receiving "pass on" or "pass down" reports before or after their shifts. (Doc. 3 at ¶¶ 20-25.) She claimed she and others clocked in and out when they began and ended work, but were paid based on their scheduled shifts. (*Id.* at ¶¶ 27-30.) CSSB admitted it paid employees based on their schedules, but denied it used a clocking in and out system, denied employees were instructed or permitted to work outside their scheduled shift, and denied employees were not paid for all time worked. (Doc. 9 at ¶¶ 20-30.) CSSB alleged it utilized the GPS phone tracker system merely to ensure that employees were physically at their assigned locations, and that employees were instructed to notify CSSB if they worked beyond their scheduled hours. (*Id.* at ¶ 27.)

The existence of the GPS phone system, in conjunction with the payroll method utilized by CSSB during the relevant time period, creates a substantial hurdle in proving both Plaintiff's claims and CSSB's defenses. Defendant's Counsel represents that review of GPS phone system records shows that some, but not all employees used the GPS system, some used it only inconsistently, and some logged their location multiple times during their shifts. (**Exhibit 1**, Vassar Dec. at ¶ 3). Defendant's Counsel represents that, in some instances, if used as a "clock-in" system, the records show that individuals were sometimes paid for longer than the time they worked. (*Id.*).

2

Further, Defendant's Counsel represents employee time records reflect several instances in which employees were paid for time worked outside their scheduled hours, consistent with its alleged payroll system. (*Id*. at ¶ 4). Because timekeeping and payroll records, in some instances, contradict Plaintiff's position, and because no other timekeeping records are presently known to exist, Plaintiffs would face significant challenges in proving damages if this litigation continued, while Plaintiff would argue that Defendant failed to keep accurate records entitling them to a reasonable estimate. *Monroe v. FTS USA, LLC*, 860 F.3d 389, 687 (6th Cir. 2017).

Class Counsel calculated potential damages using a damages model that was shared in mediation in which Parties could adjust the estimated unpaid minutes per day and estimated alleged unpaid overtime. (Doc. 21-2 at ¶ 16.) Defense counsel calculated potential damages differently, adjusting calculations to reflect the log-in and out times on the GPS phone system, when available. (Vassar Dec. at ¶ 5). The settlement distribution amount ultimately agreed upon reflects approximately 8.25 minutes of unpaid time per day per Plaintiff. (Doc. 21-2 at ¶ 17.) Defendant's Counsel represents that the settlement amount exceeds the estimated damages that they calculated, and it reflects a decrease of only 6.25 minutes from the initial amount demanded by Plaintiffs at mediation. (Vassar Dec. at ¶ 6). This nominal decrease in the Plaintiffs' estimated damages is an appropriate trade-off for Plaintiffs, given the factual disputes as to payroll practices and difficulty Plaintiffs would face in proving damages due to alleged lack of and inconsistency in documentary evidence supporting their claims.

Further, as described in the Parties' initial Joint Supplemental Statement in Support of Final Approval, Class Counsel performed an Expected Value ("EV") calculation in the present case, which provides the anticipated value of a case at some point in the future after various uncertain

3

events have occurred. (Doc 27-1 at ¶ 14.)[1] Class Counsel expands on his November 15, 2023, declaration as follows:

- On the issue of whether the case could proceed as a collective/class action, Class Counsel assessed risk as to whether Plaintiff would survive a motion to decertify the stipulated collective or whether she could satisfy the requirements of Rule 23.[2] To reach this stage would have included collective discovery, including depositions, written discovery, and document production. Discovery may have shown that Plaintiff could not proceed collectively under the FLSA, in which case Rule 23 class certification, with a higher burden of proof, would likewise had failed. The EV incorporates an estimated value for Plaintiff proceeding individually using estimated damages from the model, should Plaintiff lose at this node. For this node, the average probability that Plaintiff could proceed to trial on a collective basis was calculated at 68%, which in turn means that there was a 32% chance that Plaintiff could not proceed collectively. (**Exhibit 2**, Baishnab Second Supp. Dec. at ¶13).

- Class Counsel assigned a collaborative probability of 80% risk that Plaintiff would survive summary judgment. This means there was an assigned probability of 20% that Plaintiff would lose at summary judgment, at which time the calculated value of the case is zero dollars. Again, this would require substantial merits discovery. (*Id*. at ¶14).

- Should Plaintiff survive summary judgment, the next probability node examines whether Plaintiff would prevail at trial as to liability, to which Class Counsel assigned an estimated probability of 70% of winning at trial. The corresponding assigned risk

---

[1] The actual calculated expected value was previously submitted to the Court for in camera review.
[2] This predated the Sixth Circuit ruling in *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023).

4

that Plaintiff lost at trial was 30%, which would again result in a case value of zero dollars. (*Id*. at ¶15).

- If Plaintiff prevailed at trial, she would need to prove that Defendant acted willfully, which in turn has its own probability node for risk of loss. The assigned probability that Plaintiff would prevail was 23%. This means there was assigned risk of 77% that Plaintiff would lose on this issue, which would result in FLSA damages being limited to only two years, rather than three years. (*Id*. at ¶16).

- If Plaintiff lost on the issue of willfulness, Defendant may successfully prove its affirmative defense of good faith, which has its own probability risk of loss node. If Defendant prevailed on this issue (50% assigned), then FLSA damages would unliquidated. (*Id*. at ¶17).

- And finally, even if Plaintiff were to survive decertification, survive summary judgment, and prevail at trial, she would have to convince a presently unknown jury how much unpaid time she and the class members worked. This is reflected in the various collective/class terminal ends of the EV as "high," "mid," and "low," representing the respective possible jury awards depending on which range of damages Plaintiff could prove. Each of these in turn has its own risk of loss node: 13% for high, 58% for mid, and 29% for low. (*Id*. at ¶18).

As outlined in the Parties November 14, 2023, supplemental filing, the exercise of completing a calculated EV illuminates to the Parties, to the attorneys, and to the Court, is that the probability of success is different than a 50/50 chance of winning/losing. Rather, the probability must be compounded. For example, if an EV of three simple nodes, each 50%, there is only a

5

12.5% chance when the probabilities of all three issues are compounded (*i.e.*, 0.5 X 0.5 X .5 = 0.125). (Doc. 27-1 at ¶ 12).

Here, and as reflected in the EV submitted to the Court, Class Counsel has calculated that there is only a 1% chance that Plaintiff could obtain maximum value at trial, which would require Plaintiff to prevail on collective/class treatment, survive summary judgment, prevail at trial, win the willfulness and good faith issues, and convince a jury of maximum calculated damages. It would be akin to rolling six sixes with six dice all in one roll. On the other end, there was a calculated 32% chance that Plaintiff could not proceed collectively, a calculated 14% chance of losing at summary judgment, and a 16% chance of losing at trial. (Baishnab Second Supp. Dec. at ¶19).

In the present matter, the total settlement amount exceeds the calculated expected value. Courts have routinely found settlements fair and reasonable where there is a genuine dispute of fact regarding whether the employer violated the FLSA and the settlement amount exceeds the expected value of the case. *See, e.g., Chase v. Viaquest Residential Servs.*, S.D. Ohio No. 22-cv-1974, 2023 U.S. Dist. LEXIS 41416, at *3-4 (Mar. 10, 2023); *Cheikh Fassa, ex rel. Himself & Others Similarly Situated v. Express Inc.*, S.D. Ohio No. 2:21-c:22-cv-v-542, 2022 U.S. Dist. LEXIS 73599, at *4 (Apr. 5, 2022); *Johnson v. Centor, Inc.*, No. 5:19-cv-2622, 2021 U.S. Dist. LEXIS 213003, at *3 (N.D. Ohio Nov. 4, 2021). Indeed, Defendant's Counsel disagrees with Class Counsel's calculated expected probabilities, outlined above. (Vassar Dec. at ¶ 7).

Further, Class Counsel has obtained 11 Class Members declarations, who each testifies that settlement reflects a fair and equitable resolution of a bona fide dispute, that they are satisfied with the amount of their settlement awards which greatly benefit them and their families, and that they urge the Court to approve the settlement. (**Exhibit 3**).

For these reasons, and the reasons outlined in the Parties' Joint Motion for Final Approval of FLSA Settlement and their Joint Motion for Final Approval of Class Action (Docs. 23, 25), the Parties respectfully request that this Court enter the Proposed Order that was attached to their November 6, 2023, Joint Motion and emailed to the Court.

Respectfully submitted,

| **NILGES DRAHER LLC** | **SPENGLER NATHANSON P.L.L.** |
|---|---|
| */s/ Robi J. Baishnab* | */s/Emilie K. Vassar (with permission)* |
| Robi J. Baishnab (0086195) | Renisa A. Dorner (0040192) |
| 1360 E 9th St., Suite 808 | Emilie K. Vassar (0084076) |
| Cleveland, OH 44114 | 900 Adams Street |
| Telephone: (216) 230-2955 | Toledo, OH 43604 |
| Facsimile: (330) 754-1430 (Fax) | Telephone: (419) 241-2201 |
| Email: rbaishnab@ohlaborlaw.com | Telefax: (419) 241-8599 |
|  | rdorner@snlaw.com |
| Shannon M. Draher (0074304) | evassar@snlaw.com |
| Hans A. Nilges (0076017) |  |
| 7266 Portage Street, N.W., Suite D | *Counsel for Defendant* |
| Massillon, OH 44646 |  |
| Telephone: (330) 470-4428 |  |
| Facsimile: (330) 754-1430 |  |
| Email: sdraher@ohlaborlaw.com |  |
| hans@ohlaborlaw.com |  |

*Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Robi J. Baishnab*
*Counsel for the Class*

7